892 F.2d 1048
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Howard Lee VAUGHN, Jr., Plaintiff-Appellant,
v.
CONTRA COSTA COUNTY JAIL MEDICAL STAFF, Defendant,
Barbara O'Connell, Defendant-Appellee.
 Nos. 86-2268, 86-2269.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 14, 1989.*
Decided Dec. 14, 1989.
 
 Before FARRIS, PREGERSON and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The crux of Vaughn's complaint under 28 U.S.C. § 1983 is that he was denied adequate medical treatment while a pretrial detainee at the Contra Costa County detention facility and that he was denied timely access to his medical records. The district court granted summary judgment in favor of the respondent.
 
 
 3
 We review a district court's grant of summary judgment de novo. Kruso v. International Telephone & Telegraph Corp., 872 F.2d 1416, 1421 (9th Cir.1989). Summary judgment is appropriate if, viewing the evidence in a light most favorable to the party opposing the motion, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir.1986).
 
 
 4
 In Estelle v. Gamble, 429 U.S. 97, 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), the Supreme Court held that the government has a duty to provide adequate medical care to those whom it punishes by incarceration. A violation of the Eighth Amendment's proscription against cruel and unusual punishment occurs if there is a "deliberate indifference to serious medical needs of prisoners."[1] Id. at 104. However, the negligent diagnosis or treatment of a medical condition, without more, does not violate a prisoner's Eighth Amendment rights.[2] Id. at 106.
 
 
 5
 A review of Vaughn's entire medical record establishes that there was no deliberate indifference to his medical needs. Vaughn first submitted a sick call slip on May 8, 1985, complaining that there was blood in his stool and that he wished to see a doctor. On May 10 a nurse practitioner examined him and asked him to give stool samples for analysis. During the next two weeks the nurse practitioner twice examined Vaughn noting that he had not collected the stool samples for blood. On May 31 a stool sample was finally obtained and the following week a doctor examined Vaughn. During the month of June, Doctors examined Vaughn on two additional occasions and tests were performed on his colon. Vaughn was diagnosed as possibly suffering from inflammatory bowel disease, although a pathology report showed no evidence of active disease. On August 22 Vaughn submitted a sick call slip complaining once again that he was passing blood in his stool. Additional stool samples were requested and examined and found negative for blood. The record shows that Vaughn received continued attention and monitoring of his medical complaints. The fact that medical personnel failed to prescribe any medication or additional forms of treatment was a matter of medical judgment.
 
 
 6
 Vaughn also claims that he was denied his due process right to receive adequate medical care because he was denied timely access to his medical records. To succeed on this claim, Vaughn must show that respondent's deliberate decisions deprived him of timely access to his medical records. Id. at 331. The record provides no basis to support a claim of intentional deprivation.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Estelle was decided under the Eighth Amendment. The rights of pretrial detainees are governed by the due process clause of the Fourteenth Amendment. Bell v. Wolfish, 441 U.S. 520, 535 n. 16, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). "However, the Fourteenth Amendment due process rights of pretrial detainees are analogized to those of prisoners under the Eighth Amendment." Cabrales v. County of Los Angeles, 864 F.2d 1454, 1461 n. 2 (9th Cir.1988)
 
 
 [2]
 Claims against a state defendant or private citizen for medical malpractice, alleging mere negligence, are essentially state tort law claims and as such are not properly brought under a § 1983 action. Estelle, 429 U.S. at 106-07